**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114956

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| James Ford, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>vs.<br><br>Alpha Recovery Corp and Jefferson Capital Systems, LLC,<br><br>   Defendants. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

James Ford, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Alpha Recovery Corp and Jefferson Capital Systems, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.   This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.   This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.   Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff James Ford is an individual who is a citizen of the State of New York residing in Kings County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Alpha Recovery Corp ("Alpha"), is a Colorado Corporation with a principal place of business in Arapahoe County, Colorado.

8. On information and belief, Defendant Jefferson Capital Systems, LLC ("Jefferson"), is an Ohio Limited Liability Company with a principal place of business in Cuyahoga County, Ohio.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendants allege Plaintiff owes a debt ("the Debt").

12. At an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

13. In its effort to collect the debt, Alpha contacted Plaintiff by letter ("the February Letter") dated February 16, 2018. (**Exhibit 1.**)

14. On or about March 1, 2018, Plaintiff requested verification of the Debt. (**Exhibit 2.**)

15. By Letter dated March 2, 2018 ("the March Letter"), Jefferson notified Plaintiff that based upon Plaintiff's request for verification, Jefferson had "ceased collection of this account." (**Exhibit 3.**)

16. Alpha never responded to Plaintiff's verification request.

17. The February Letter was the initial communication Plaintiff received from Defendants.

18. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
## Violation of 15 U.S.C. § 1692e

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

20. The Letter states that Plaintiff owes a debt to "Jefferson Capital Systems, LLC."

21. At the time of the Letter, Plaintiff did not owe any money to Jefferson Capital Systems, LLC.

22. Plaintiff does not owe any money to Jefferson Capital Systems, LLC.

23. Plaintiff never contracted with Jefferson Capital Systems, LLC.

24. Plaintiff never incurred a debt to Jefferson Capital Systems, LLC.

25. 15 U.S.C. § 1692e(2)(A) prohibits a debt collector from making a false representation of the character, amount, or legal status of any debt.

26. 15 U.S.C. § 1692e(10) prohibits a debt collector's use of any false representation or deceptive means to collect or attempt to collect any debt.

27. Defendants' allegation that Plaintiff owed money to Jefferson Capital Systems, LLC is a false representation of the character, amount, or legal status of any debt.

28. Defendants' allegation that Plaintiff owes any money to Jefferson Capital Systems, LLC is a false representation of the character, amount, or legal status of any debt.

29. Defendants' request that Plaintiff make payment for a debt that she does not owe is a false representation or deceptive means to collect or attempt to collect any debt.

30. Defendants' attempts to collect a debt for which they did not have substantiation is a deceptive means to collect or attempt to collect any debt

31. For these reasons, Defendants violated 15 U.S.C. § 1692e.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692g
## Validation of Debts

32. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

33. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

34. One such requirement is that the debt collector provide "the name of the creditor

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

to whom the debt is owed." 15 U.S.C. § 1692g(a)(2).

35. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

36. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

37. Merely naming the creditor without specifically identifying the entity as the current creditor to whom the debt is owed is not sufficient to comply with 15 U.S.C. § 1692g(a)(2).

38. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

39. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

40. Plaintiff does not have an account with Jefferson Capital Systems, LLC.

41. Plaintiff does not owe any money to Jefferson Capital Systems, LLC.

42. Defendants failed to explicitly state the name of the creditor to whom the debt is actually owed.

43. Defendants failed to clearly state the name of the creditor to whom the debt is actually owed.

44. The least sophisticated consumer would likely be confused as to the name of the creditor to whom the debt is owed.

45. The least sophisticated consumer would likely be uncertain as to the name of the creditor to whom the debt is owed.

46. Defendants violated § 1692g as they failed to clearly and explicitly convey the name of the creditor to whom the debt is owed.

### THIRD COUNT
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations as to the Name of the <u>Creditor to Whom the Debt is Owed</u>**

47. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

4

48. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

49. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

50. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

51. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

52. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

53. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

54. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

55. Knowing the identity of creditor to whom the debt is owed affects how a consumer responds to a debt collector's attempts to collect the debt.

56. For the reasons already stated, the least sophisticated consumer would likely be deceived by the Letter.

57. For the reasons already stated, the least sophisticated consumer would likely be deceived in a material way by the Letter.

58. Defendants violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

59. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a consumer debt using the same deceptive means described herein, from one year before the date of this Complaint to the present.

60. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

5

61. Defendants regularly engage in debt collection.

62. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts using the same deceptive means described herein.

63. Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

64. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

65. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

66. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

c. Find that Defendants' actions violate the FDCPA; and

6

    d.       Grant damages against Defendants pursuant to 15 U.S.C. § 1692k; and

    e.       Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.       Grant Plaintiff's costs; together with

    g.       Such other relief that the Court determines is just and proper.

DATED: September 18, 2018

**BARSHAY SANDERS, PLLC**

By:    */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 114956